Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI180004679
Transaction ID: 0006896000
Filing Date: 05/21/2018 02:46:58 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| TERESA KINSELLA, an Individual, ) | Case ID: CI 18-_____ |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| FIRST DATA RESOURCES, LLC, a ) | COMPLAINT AND PRAECIPE |
| Delaware Limited Liability Company, and ) | |
| FIRST DATA CORPORATION, a ) | (JURY TRIAL DEMANDED) |
| Delaware Corporation, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Teresa Kinsella, for her cause of action against the Defendants First Data Resources, LLC, and First Data Corporation, alleges and states:

## INTRODUCTION

1. This is an action seeking redress for the violation of Plaintiff's rights under the Nebraska Fair Employment Practices Act ("NFEPA"), Neb. Rev. Stat. § 48-1101 *et seq.*, the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADAAA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").

2. This Court has original jurisdiction over the claims arising under state law and concurrent jurisdiction over the claims arising under federal law.

3. Plaintiff has timely satisfied and exhausted all private, administrative and judicial prerequisites for the institution of this action. The Nebraska Equal Opportunity Commission issued its administrative dismissal of Plaintiff's charge on April 20, 2018, and the Equal Employment Opportunity Commission ("EEOC") issued its administrative dismissal of Plaintiff's charge and Notice of Right to Sue on May 3, 2018.

## PARTIES

4. At all times relevant herein, Plaintiff Teresa Kinsella ("Plaintiff" or "Kinsella")

1



EXHIBIT
A

was a citizen of Omaha, Douglas County, Nebraska.

    a. From and after October 2015, Plaintiff had an impairment which, among other things, substantially limited her ability to walk and drive.

    b. From and after October 2015, Plaintiff had a "disability" and/or record of disability under the ADA and NFEPA.

    c. From and after October 2015, Plaintiff had a "serious health condition" under the FMLA.

5. Defendant First Data Corporation is a for-profit Delaware corporation with its principal headquarters located in Atlanta, Georgia.

    a. First Data Corporation owns, operates, and/or manages First Data Resources, LLC.

    b. First Data Corporation owns, operates, and/or manages the First Data Resources, LLC office(s) in Omaha, Nebraska.

    c. First Data Corporation employs over 50 employees and qualifies as both an "employer" and a "covered entity" within the meaning of the ADAAA, NFEPA, and FMLA.

    d. First Data Corporation and its subsidiaries and sub-subsidiaries, including First Data Resources, LLC, have interrelated operations, share common management, have centralized labor relations, and have common ownership and/or financial control.

    e. First Data Corporation and its subsidiaries and sub-subsidiaries, including First Data Resources, LLC, are an "integrated employer" for the purposes of NFEPA, the ADAAA, and the FMLA.

2

6. Defendant First Data Resources, LLC is a Delaware limited liability company.

    a. First Data Resources, LLC owns, operates and/or manages one or more offices in Omaha, Douglas County, Nebraska.

    b. First Data Resources, LLC's principal office is located in Omaha, Douglas County, Nebraska.

    c. First Data Resources, LLC employs over 50 employees and qualifies as both an "employer" and a "covered entity" within the meaning of the ADAAA, NFEPA, and the FMLA.

    d. First Data Resources, LLC and First Data Corporation have interrelated operations, share common management, have centralized labor relations, and have common ownership or financial control.

    e. First Data Resources, LLC, First Data Corporation and its subsidiaries and sub-subsidiaries are an "integrated employer" for the purposes of NFEPA, the ADAAA, and the FMLA.

7. This Complaint arises out of Plaintiff's employment by Defendants, and each of them, in Omaha, Douglas County, Nebraska.

## STATEMENT OF CLAIMS AND ALLEGATIONS

8. Plaintiff began working for Defendants and each of them in Omaha, Douglas County, Nebraska, as a billing analyst in or about August 2007.

    a. First Data Corporation was Plaintiff's employer at all times relevant herein.

    b. First Data Resources, LLC was Plaintiff's employer at all times relevant herein.

3

    c.    First Data Resources, LLC and First Data Corporation were Plaintiff's "integrated employer" for the purposes of NFEPA, the FMLA, and the ADAAA.

9. In or about October 2015, Plaintiff suffered a stroke and remained off work until in or about July 2016. During her absence, Plaintiff qualified for and used FMLA leave.

10. Due to Plaintiff's continued physical impairment(s) following her stroke, Plaintiff was unable to drive to work. Plaintiff requested a reasonable accommodation in the form of a modified work schedule to coordinate with the schedules of those who drove Plaintiff to work. Defendants and each of them approved this accommodation.

11. Due to Plaintiff's continued medical impairment, Plaintiff requested reasonable accommodations in the form of time off of work. Defendants and each of them approved this accommodation, and all time off work was approved and covered by Plaintiff's accumulated paid leave.

12. In or about December 2016, Defendants and each of them gave Plaintiff a substandard annual performance evaluation due to Plaintiff's absences and modified work schedule, despite Defendants previously approving Plaintiff's accommodation requests. Defendants also noted that fewer absences by Plaintiff would result in a more "enjoyable work environment." As a result of the substandard evaluation, Defendants denied Plaintiff a pay increase she would have otherwise received.

13. On or about March 30, 2017, Defendants informed Plaintiff that Plaintiff's employment was terminated due to her substandard performance evaluation.

14. Plaintiff never received any discipline during her employment with Defendants, and her performance was satisfactory.

15. Prior to December 2016—and prior to Plaintiff taking FMLA leave and being afforded reasonable accommodations—Plaintiff had never received a substandard performance evaluation from Defendants.

16. Defendants and each of them replaced Plaintiff's position with an employee with no known disability who had not taken FMLA leave. At the direction of Defendants and each of them, Plaintiff began training that same employee in October 2016.

17. At all material times, the conduct described herein by Defendants' agents and employees and Plaintiff's supervisors, and each of them, was within the scope and course of their employment by Defendants and each of them.

18. To the extent Defendants deemed Plaintiff's requested and/or approved accommodations unreasonable, Defendants and each of them failed to make efforts to discuss other reasonable accommodations or otherwise engage in an interactive process with Plaintiff, contrary to 42 C.F.R. § 1630.2(o)(3).

19. At all material times, the Defendants and each of them:

    a. Were aware of their obligations under the ADAAA, NFEPA, and the FMLA;

    b. Acted intentionally and with malice or reckless disregard to Plaintiff's rights; and

    c. Acted with knowledge that the conduct described herein was or may be a violation of state and federal law.

## COUNT I

### FAILURE TO ACCOMMODATE (NFEPA and ADAAA)

20. Plaintiff incorporates and fully sets forth all allegations contained elsewhere in

this Complaint in this section.

21. Defendants and each of them have discriminated against Plaintiff, a disabled person, on the basis of her disability and/or record of disability, in violation of NFEPA and the ADAAA because:

    a. At all relevant times Plaintiff had a disability and/or record of disability under the NFEPA and ADAAA;

    b. Plaintiff's disability and/or record of disability, and her consequential limitations were known to Defendants and each of them;

    c. At all relevant times Plaintiff was qualified to perform the essential functions of her job with or without reasonable accommodation;

    d. Defendants and each of them failed to allow Plaintiff to use accrued paid time off and a modified work schedule without subjecting her to adverse employment actions, among other reasonable accommodations; and

    e. Defendants and each of them terminated Plaintiff due to her disability and/or record of disability without engaging in an interactive process to identify the precise limitations resulting from her disability and potential accommodations that could overcome those limitations.

22. As a direct and proximate cause of the failure of the Defendants and each of them to reasonably accommodate her, Plaintiff has sustained actual compensatory damages, loss of wages, loss of future income and loss of other company sponsored benefits in an amount to be determined at the time of trial.

23. As a direct and proximate cause of the failure of Defendants and each of them to reasonably accommodate her, Plaintiff has suffered significant humiliation, inconvenience, and

emotional pain and suffering.

24. The actions of the Defendants and each of them were unlawful, willful and/or with malice and/or with reckless disregard for Plaintiff's rights.

25. Defendants and each of them knew the failure to reasonably accommodate Plaintiff may be a violation of state and federal law.

## COUNT II

## DENIAL OF PAY INCREASE & WRONGFUL DISCHARGE (NFEPA and ADAAA)

26. Plaintiff incorporates and fully sets forth all allegations contained elsewhere in this Complaint in this section.

27. Defendants and each of them have discriminated against Plaintiff, a disabled person, on the basis of her disability and/or record of disability in violation of the NFEPA and ADAAA because:

a. At all relevant times Plaintiff had a disability and/or record of disability under the ADAAA and NFEPA;

b. Plaintiff's disability, its consequential limitations, and/or record of disability were known to Defendants;

c. Defendants and each of them gave Plaintiff a substandard performance evaluation; denied Plaintiff a pay raise, and then terminated Plaintiff;

d. Plaintiff could have performed the essential functions of the her job, with or without reasonable accommodation, at the time of the denial of her pay increase, at the time of her termination, and thereafter; and

e. Plaintiff's disability and its consequential limitations, and/or record of disability were a motivating factor and/or the but-for cause of her substandard

performance evaluation, denial of a pay raise and termination.

28. As a direct and proximate cause of the discriminatory denial of a pay increase and discriminatory termination of Plaintiff, Plaintiff has sustained actual compensatory damages, loss of wages, loss of future income and loss of other company sponsored benefits in an amount to be determined at the time of trial.

29. As a direct and proximate cause of the discriminatory denial of a pay increase and discriminatory termination of Plaintiff, Plaintiff has suffered significant humiliation, inconvenience, and emotional pain and suffering.

30. Defendants and each of them took the foregoing adverse employment actions willfully and/or with malice and/or with a reckless disregard for Plaintiff's rights.

31. Defendants and each of them knew that the foregoing adverse employment actions may be a violation of state and federal law.

## COUNT III

### RETALIATION (ADAAA and NFEPA)

32. Plaintiff incorporates and fully sets forth all allegations contained elsewhere in this Complaint in this section.

33. Plaintiff requested and used accommodation(s)—including but not limited to taking absences covered by accrued paid leave and a modified work schedule—for her disability from Defendants and each of them between October 2015 and the date of her termination.

34. Plaintiff's request for and use of reasonable accommodations are a protected activity under the ADAAA and NFEPA.

35. Plaintiff had a good faith belief that her requested accommodations were appropriate.

36. Defendants and each of them denied Plaintiff a pay increase and then terminated her because she requested and used reasonable accommodations, in violation of the ADAAA's and NFEPA's anti-retaliation provisions.

37. Defendants' retaliatory adverse employment actions against Plaintiff might persuade a reasonable person in the same or similar circumstances not to request or use accommodations for their disability.

38. As a direct and proximate cause of the retaliatory adverse employment actions of Defendants and each of them, Plaintiff has sustained actual compensatory damages, loss of wages, loss of future income and loss of other company sponsored benefits in an amount to be determined at the time of trial.

39. As a direct and proximate cause of the retaliatory adverse employment actions of Defendants and each of them, Plaintiff has suffered significant humiliation, inconvenience, and emotional pain and suffering.

40. Defendants and each of them took said retaliatory adverse employment actions against Plaintiff knowingly, willfully, and/or maliciously, and or in reckless disregard of Plaintiff's rights.

41. Defendants and each of them knew their retaliatory adverse employment actions against Plaintiff may be a violation of state and federal law.

## COUNT IV

## WRONGFUL DISCHARGE (RETALIATION AND/OR INTERFERENCE (FMLA)):

42. Plaintiff incorporates and fully sets forth all allegations contained elsewhere in this Complaint in this section.

43. Defendants and each of them employed 50 or more employees for each working

day of 20 or more calendar weeks at all times from 2015 to present.

44.     Plaintiff was employed by Defendants and each of them for at least 12 months and worked at least 1,250 hours in the 12 months preceding her usage of FMLA leave.

45.     Beginning in October 2015, Plaintiff began using FMLA leave due to a serious health condition.

46.     Plaintiff returned to work in July 2016 after using FMLA leave.

47.     In December 2016, Defendants and each of them denied Plaintiff a pay increase and gave Plaintiff a substandard annual performance evaluation due to her unplanned absences from work over the previous year, including her extended FMLA-covered absences and/or her intermittent and/or reduced schedule FMLA-covered absences.

48.     Defendants and each of them terminated Plaintiff on or about March 30, 2017, due to Plaintiff receiving a substandard performance evaluation for using the aforementioned FMLA-covered leave.

49.     Defendants and each of them willfully violated the FMLA by taking the above-mentioned adverse employment actions against Plaintiff in retaliation for Plaintiff taking FMLA leave.

50.     Defendants and each of them knowingly violated the FMLA when they retaliated against Plaintiff for taking FMLA leave, such that Plaintiff is entitled to liquidated damages.

51.     As a direct and proximate cause of the aforementioned retaliatory adverse employment actions by Defendants and each of them, Plaintiff has sustained actual compensatory damages, loss of wages, loss of future income and loss of other company sponsored benefits in an amount to be determined at the time of trial.

52.     As a direct and proximate cause of the aforementioned retaliatory adverse

10

employment actions by Defendants and each of them, Plaintiff has suffered significant humiliation, inconvenience, and emotional pain and suffering.

53. The aforementioned retaliatory adverse employment actions by Defendants and each of them were unlawful, willful and/or with malice and/or done with reckless disregard for Plaintiff's rights.

54. Defendants and each of them knew their adverse employment actions against Plaintiff may be a violation of federal law.

## COUNT V

### INTERFERENCE (FMLA):

55. Plaintiff incorporates and fully sets forth all allegations contained elsewhere in this Complaint in this section.

56. Beginning in October 2015, Plaintiff began using FMLA leave due to a serious health condition.

57. Under the FMLA, Defendants and each of them were required to reinstate Plaintiff to the position of employment she held before taking FMLA leave, or to an equivalent position.

58. Plaintiff returned to work in July 2016 after using FMLA leave, but Plaintiff was not fully reinstated to her previous position or an equivalent position.

59. In December 2016, Defendants and each of them denied Plaintiff a pay increase and gave Plaintiff a substandard annual performance evaluation due to her FMLA-covered absences, and/or her intermittent and/or reduced schedule FMLA-covered absences.

60. Defendants and each of them terminated Plaintiff on or about March 30, 2017, due to Plaintiff receiving a substandard performance evaluation for using the aforementioned

FMLA-covered leave, and/or due to Defendants' concern that Plaintiff would need to take additional FMLA-covered leave in the future due to her ongoing medical impairment(s).

61. Defendants and each of them willfully violated the FMLA by taking the above-mentioned actions against Plaintiff in interference with Plaintiff's right to take FMLA leave and to be fully reinstated after doing so.

62. Defendants and each of them knowingly violated the FMLA when they interfered with Plaintiff's rights under the FMLA, such that Plaintiff is entitled to liquidated damages.

63. As a direct and proximate cause of the aforementioned interference by Defendants and each of them, Plaintiff has sustained actual compensatory damages, loss of wages, loss of future income and loss of other company sponsored benefits in an amount to be determined at the time of trial.

64. As a direct and proximate cause of the aforementioned interference by Defendants and each of them, Plaintiff has suffered significant humiliation, inconvenience, and emotional pain and suffering.

65. The aforementioned interference by Defendants and each of them was unlawful, willful and/or with malice and/or done with reckless disregard for Plaintiff's rights.

66. Defendants and each of them knew their interference with Plaintiff's FMLA rights may be a violation of federal law.

WHEREFORE, Plaintiff prays for:

a. A declaration that the conduct of Defendants and each of them violated the rights of Plaintiff under the appropriate state and federal law(s);

b. An award of back pay to compensate Plaintiff for loss of salary, raises, employee benefits, promotions, and other loss of job opportunities she has suffered;

c. An Order directing Defendants and each of them to place Plaintiff in the position she would be in had Defendants and each of them not violated Plaintiff's rights under state and/or federal law, such award including, but not limited to, reinstatement, or payment of front pay in lieu of reinstatement for a reasonable time into the future;

d. An award of liquidated damages under the FMLA;

e. An award of costs in this suit and reasonable attorney's fees;

f. An award of prejudgment interest;

g. An Order enjoining Defendants and each of them from engaging in unlawful discrimination and retaliation practices;

h. An Order granting compensatory damages for humiliation, inconvenience, emotional pain, suffering, and/or physical injury incurred by Plaintiff as a result of the discriminatory and retaliatory actions of Defendants and each of them;

i. An award of punitive damages; and

j. Such other future relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all the issues. Plaintiff requests that such trial be held in Omaha, Nebraska.

DATED this 21st day of May, 2018.

TERESA KINSELLA, Plaintiff

By:_____
Thomas F. McCarty, #24171
KEATING, O'GARA, NEDVED
& PETER, P.C., L.L.O.

530 South 13th Street, Suite 100
Lincoln, NE 68508
(402) 475-8230
tmccarty@keatinglaw.com

## PRAECIPE

TO THE CLERK OF SAID COURT:

Please issue summons, endorsed according to law, for service upon Defendants and return according to law.

The Defendants will be served by certified mail, return receipt requested to:

First Data Resources, LLC
c/o CSC-Lawyers Incorporating Service Company, Registered Agent
Suite 1900
233 South 13th Street
Lincoln, NE 68508

First Data Corporation
c/o Guy Chiarello, President
5565 Glenridge Connector, NE
Atlanta, Georgia 30342

First Data Corporation
c/o Joseph Furlong
225 Liberty St.
New York, New York 10281

First Data Corporation
c/o CSC Lawyers Incorporating Service Company, Registered Agent
Suite 1900
233 South 13th Street
Lincoln, NE 68508

Please return the summons to the attention of Thomas P. McCarty, KEATING, O'GARA, NEDVED & PETER, P.C., L.L.O., 530 South 13th Street, Suite 100, Lincoln, Nebraska 68508, for appropriate service.

By: _____
Thomas P. McCarty, #24171

| | | |
|---|---|---|
| Image ID: D00540263D01 | **SUMMONS** | Doc. No. 540263 |

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha           NE 68183

Teresa Kinsella v. First Data Resources, LLC

Case ID: CI 18    4679

TO: First Data Resources, LLC

You have been sued by the following plaintiff(s):

   Teresa Kinsella

Plaintiff's Attorney:   Thomas P McCarty
Address:               530 S. 13th St., Suite 100
                       Lincoln, NE 68508

Telephone:             (402) 475-8230

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: MAY 21, 2018        BY THE COURT: John M. Friend
                                         Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

   First Data Resources, LLC
   c/o CSC-Lawyers Inc Srvc Co, RA
   233 So 13th St - Ste 1900
   Lincoln, NE 68508

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

```
Image ID:                    SUMMONS                     Doc. No.  540269
D00540269D01
```

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha              NE 68183


Teresa Kinsella v. First Data Resources, LLC
                                                    Case ID: CI 18    4679


TO:   First Data Corporation



You have been sued by the following plaintiff(s):

    Teresa Kinsella




Plaintiff's Attorney:   Thomas P McCarty
Address:                530 S. 13th St., Suite 100
                        Lincoln, NE 68508

Telephone:              (402) 475-8230

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date: MAY 21, 2018         BY THE COURT:  John M. Friend
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        First Data Corporation
        c/o CSC Lawyers Incorp Serv Co RA
        233 South 13th St, Ste.1900
        Lincoln, NE 68508

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.



# CSC

## Notice of Service of Process

null / ALL
Transmittal Number: 18215579
Date Processed: 05/24/2018

| | |
|---|---|
| **Primary Contact:** | Ralph Shalom<br>First Data Corporation<br>3975 NW 120 Ave<br>Stop Code 8B<br>Coral Springs, FL 33065 |
| **Electronic copy provided to:** | Adam Rosman |
| **Entity:** | First Data Resources, LLC<br>Entity ID Number 1734434 |
| **Entity Served:** | First Data Resources, LLC |
| **Title of Action:** | Teresa Kinsella vs. First Data Resources, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Douglas County District Court, Nebraska |
| **Case/Reference No:** | D01CI180004679 |
| **Jurisdiction Served:** | Nebraska |
| **Date Served on CSC:** | 05/23/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Thomas P. McCarty<br>402-475-8230 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com



## CSC

## Notice of Service of Process

null / ALL
Transmittal Number: 18215562
Date Processed: 05/24/2018

| | |
|---|---|
| **Primary Contact:** | Ralph Shalom<br>First Data Corporation<br>3975 NW 120 Ave<br>Stop Code 8B<br>Coral Springs, FL 33065 |
| **Electronic copy provided to:** | Adam Rosman |
| **Entity:** | First Data Corporation<br>Entity ID Number 1734299 |
| **Entity Served:** | First Data Corporation |
| **Title of Action:** | Teresa Kinsella vs. First Data Resources, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Douglas County District Court, Nebraska |
| **Case/Reference No:** | D01CI180004679 |
| **Jurisdiction Served:** | Nebraska |
| **Date Served on CSC:** | 05/23/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Thomas P. McCarty<br>402-475-8230 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com





**First Class Mail**



KEATING O'GARA LAW
530 South 13th Street
Suite 100
Lincoln, NE 68508-2795

To:
First Data Resources, LLC
c/o CSC-Lawyers Incorporating
  Service Co, Registered Agent
233 So 13th St - Ste 1900
Lincoln, NE 68508