IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERESA KINSELLA, | ) | CASE NO.: 8:18-cv-00285 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST DATA RESOURCES, LLC, and | ) | |
| FIRST DATA CORPORATION, | ) | |
| | ) | |
| Defendants. | | |

## **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants First Data Resources, LLC, and First Data Corporation (collectively, "Defendants"), answer the Complaint and Jury Demand filed by Teresa Kinsella ("Plaintiff") in the above-captioned action, as follows:

### INTRODUCTION

1. Admit that the allegations in Paragraph 1 purport to summarize the nature of the above-captioned action but specifically deny any liability in this matter.

2. Deny the allegations in Paragraph 2 and affirmatively state that this Court has diversity jurisdiction, federal question jurisdiction, and supplemental jurisdiction over this matter.

3. Admit the allegations of Paragraph 3 insofar as they allege that Plaintiff filed a charge and that the Nebraska Equal Opportunity Commission issued an administrative dismissal of Plaintiff's charge on April, 20, 2018, and the Equal Employment Opportunity Commission ("EEOC") issued an administrative dismissal of Plaintiff's charge and a Notice of Right to Sue on May 3, 2018, but Defendants specifically deny any liability in this matter.

**PARTIES**

4. Upon information and belief, admit the allegations in Paragraph 4 with regard to Plaintiff's citizenship only, but deny the allegations in the subsections to Paragraph 4 as follows:

   a. Lack sufficient information to form a belief as to the truth of the allegations of Paragraph 4.a. and, for that reason, deny those allegations.

   b. The allegations of Paragraph 4.b. state legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 4.b. and specifically deny any liability.

   c. The allegations of Paragraph 4.c. state legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 4.c. and specifically deny any liability.

5. Admit that Defendant First Data Corporation is a Delaware corporation with its principal place of business located in Atlanta, Georgia, but deny that Plaintiff was employed at any time by Defendant First Data Corporation and further deny the remaining allegations in Paragraph 5 and its subsections, including those allegations that state legal conclusions to which no answer is required. Defendants affirmatively state that Plaintiff was employed by Defendant First Data Resources, LLC, a limited liability company organized and existing pursuant to the laws of the state of Delaware with its principal place of business located in Atlanta, Georgia. Defendants further state that First Data Corporation is the sole member of First Data Resources, LLC.

6. Admit that Defendant First Data Resources, LLC is a limited liability company organized and existing pursuant to the laws of the state of Delaware with its principal place of business located in Atlanta, Georgia and that it maintains offices in Omaha, Nebraska where

Plaintiff was previously employed. Defendants deny the remaining allegations in Paragraph 6 and its subsections, including those allegations that state legal conclusions to which no answer is required.

7. Admit that Plaintiff was employed by Defendant First Data Resources, LLC in Omaha, Nebraska, and that the Complaint purports to describe acts which are alleged to have occurred at Defendants' Omaha, Nebraska offices. Further answering, Defendants deny the remaining allegations in Paragraph 7 and specifically deny any violation of law or liability to Plaintiff in any way.

## STATEMENT OF CLAIMS AND ALLEGATIONS

8. Admit that Plaintiff began working as a billing analyst in or about August 2007 for Defendant First Data Resources, LLC, but deny the remaining allegations in Paragraph 8 and its subsections.

9. Admit that Plaintiff suffered a stroke in or about October 2015 and returned to work in or about July 2016 and that some of Plaintiff's leave was covered by the FMLA, but deny the remaining allegations in Paragraph 9.

10 Deny the allegations in Paragraph 10.

11. Admit that Defendants fully accommodated Plaintiff, but deny the alleged nature of the accommodations as set forth in Paragraph 11 and further deny the remaining allegations in Paragraph 11.

12. Admit that Plaintiff received a poor year-end performance rating and evaluation for 2016, rendering her ineligible for a pay increase, but deny the remaining allegations in Paragraph 12.

13. Admit that Plaintiff was terminated in March 2017, but deny the remaining allegations in Paragraph 13.

3

14. Deny the allegations in Paragraph 14.

15. Deny the allegations in Paragraph 15.

16. Deny the allegations in Paragraph 16.

17. Deny the allegations in Paragraph 17.

18. Deny the allegations in Paragraph 18.

19. Paragraph 19 and its subsections state legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 19 and its subsections and specifically deny any violation of law or liability to Plaintiff in any way.

## COUNT I

20. Defendants re-allege and incorporate their Answers to Paragraphs 1 through 19 of the Complaint.

21. Paragraph 21 and its subsections state legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 21 and its subsections and specifically deny any violation of law or liability to Plaintiff in any way.

22. Deny that Plaintiff is entitled to any relief in this matter and specifically deny the allegations in Paragraph 22.

23. Deny that Plaintiff is entitled to any relief in this matter and specifically deny the allegations in Paragraph 23.

24. Paragraph 24 states legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 24 and specifically deny any violation of law or liability to Plaintiff in any way.

25. Deny the allegations in Paragraph 25 and specifically deny any violation of law or liability to Plaintiff in any way.

## COUNT II

26. Defendants re-allege and incorporate their Answers to Paragraphs 1 through 25 of the Complaint.

27. Paragraph 27 and its subsections state legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 27 and its subsections and specifically deny any violation of law or liability to Plaintiff in any way.

28. Deny that Plaintiff is entitled to any relief in this matter and specifically deny the allegations in Paragraph 28.

29. Deny that Plaintiff is entitled to any relief in this matter and specifically deny the allegations in Paragraph 29.

30. Paragraph 30 states legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 30 and specifically deny any violation of law or liability to Plaintiff in any way.

31. Deny the allegations in Paragraph 31 and specifically deny any violation of law or liability to Plaintiff in any way.

## COUNT III

32. Defendants re-allege and incorporate their Answers to Paragraphs 1 through 31 of the Complaint.

33. Admit that Defendants fully accommodated Plaintiff, including FMLA and ADA leave, but deny the alleged nature of the accommodations as set forth in Paragraph 33 and further deny the remaining allegations in Paragraph 33.

34. Paragraph 34 states legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 34 and specifically deny any violation of law or liability to Plaintiff in any way.

35. Lack information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, deny the allegations in Paragraph 35.

36. Deny the allegations in Paragraph 36.

37. Deny the allegations in Paragraph 37.

38. Deny that Plaintiff is entitled to any relief in this matter and specifically deny the allegations in Paragraph 38.

39. Deny that Plaintiff is entitled to any relief in this matter and specifically deny the allegations in Paragraph 39.

40. Paragraph 40 states legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 40 and specifically deny any violation of law or liability to Plaintiff in any way.

41. Deny the allegations in Paragraph 41 and specifically deny any violation of law or liability to Plaintiff in any way.

## COUNT IV

42. Defendants re-allege and incorporate their Answers to Paragraphs 1 through 41 of the Complaint.

43. Admit the allegations of Paragraph 43.

44. Admit that Plaintiff was employed by Defendant First Data Resources, LLC for at least 12 months and worked at least 1,250 hours in the 12 months preceding her usage of FMLA leave, but deny the remaining allegations in Paragraph 44.

45. Admit that Plaintiff began using FMLA leave in October 2015, but deny the remaining allegations in Paragraph 45 to the extent they state legal conclusions.

46. Admit that Plaintiff returned to work in or about July 2016 after exhausting her FMLA leave in or about January 2016, but deny the remaining allegations in Paragraph 45.

47. Deny the allegations in Paragraph 47.

48. Deny the allegations in Paragraph 48.

49. Deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50 and specifically deny that Plaintiff is entitled to any relief in this matter.

51. Defendants deny the allegations in Paragraph 51 and specifically deny that Plaintiff is entitled to any relief in this matter.

52. Defendants deny the allegations in Paragraph 52 and specifically deny that Plaintiff is entitled to any relief in this matter.

53. Paragraph 53 states legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 53 and specifically deny any violation of law or liability to Plaintiff in any way.

54. Deny the allegations in Paragraph 54 and specifically deny any violation of law or liability to Plaintiff in any way.

## COUNT V

55. Defendants re-allege and incorporate their Answers to Paragraphs 1 through 54 of the Complaint.

56. Admit that Plaintiff began using FMLA leave in October 2015, but deny the remaining allegations in Paragraph 56 to the extent they state legal conclusions.

57. Paragraph 57 states legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 57 and specifically deny any violation of law or liability to Plaintiff in any way.

58. Admit that Plaintiff returned to work in or about July 2016 after exhausting her FMLA leave in or about January 2016, but deny the remaining allegations in Paragraph 58.

59. Deny the allegations in Paragraph 59.

60. Deny the allegations in Paragraph 60.

61. Paragraph 61 states legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 61 and specifically deny any violation of law or liability to Plaintiff in any way

62. Defendants deny the allegations in Paragraph 62 and specifically deny that Plaintiff is entitled to any relief in this matter.

63. Defendants deny the allegations in Paragraph 63 and specifically deny that Plaintiff is entitled to any relief in this matter.

64. Defendants deny the allegations in Paragraph 64 and specifically deny that Plaintiff is entitled to any relief in this matter.

65. Paragraph 65 states legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 65 and specifically deny any violation of law or liability to Plaintiff in any way

66. Deny the allegations in Paragraph 66 and specifically deny any violation of law or liability to Plaintiff in any way.

67. Deny that Plaintiff is entitled to any relief in this matter and specifically deny that Plaintiff is entitled to any relief requested in the "WHEREFORE" Paragraph and subsections immediately following Paragraph 66 of the Complaint.

68. Defendants deny each and every allegation of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

69. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

70. All actions taken or alleged to have been taken against Plaintiff were based on legitimate, non-discriminatory, and non-retaliatory reasons and consistent with Company policy.

71. Plaintiff cannot recover liquidated, punitive, or exemplary damages because Plaintiff has failed to plead and cannot establish facts sufficient to support allegations of willful, intentional, and malicious acts or conduct in reckless disregard of Plaintiff's rights to support such an award.

72. The imposition of punitive damages requested by Plaintiff will violate Defendants' rights to due process under law, as guaranteed by the Fourteenth Amendment to the United States Constitution.

73. Punitive damages are not allowed under the provisions of the Family and Medical Leave Act.

74. If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by Plaintiff's own acts, omissions, or conduct.

75. Plaintiff's claim for damages is limited to the extent she has failed to mitigate her alleged damages, if any.

76. Plaintiff's claims are barred by reason of her failure to comply with Defendants' policies and procedures.

77. Plaintiff's claims for economic damages should be barred or limited by any after-acquired evidence discovered by Defendants that would show that Plaintiff's employment would have been terminated on other grounds.

78. To the extent Plaintiff is seeking to pursue any claims based on alleged acts and events that occurred more than 300 days prior to the filing of his Complaint and/or Charge of Discrimination, such claims are barred by the applicable statute of limitations and or Plaintiff's failure to exhaust administrative remedies.

79. Defendants complied with all applicable requirements under the Family and Medical Leave Act.

80. Defendants complied with all applicable requirements under the Americans with Disabilities Act and the Nebraska Fair Employment Practices Act.

81. Plaintiff is not a qualified person with a disability within the meaning of the Americans with Disabilities Act or the Nebraska Fair Employment Practices Act.

82. Plaintiff's claims are barred and/or her damages are limited because she was unable to perform the essential functions of her job with or without reasonable accommodation.

83. Defendants fully accommodated Plaintiff, and she did not request any additional accommodations after returning to work in or about July 2016.

84. At all times relevant to this litigation, Defendants acted in a manner which was proper, reasonable, lawful, and in the exercise of good faith.

85. Plaintiff is not entitled to a jury trial on her claims for equitable relief.

86. Defendants reserve the right to assert additional defenses that may become known through further investigation and discovery in this case.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed, in its entirety, with prejudice, that judgment be entered in favor of Defendants and against Plaintiff, and that Defendants be awarded their costs and expenses, including costs and counsel fees, and such other relief as the Court deems just and proper.

Dated this 28th day of June, 2018.

>FIRST DATA RESOURCES, LLC, and
>FIRST DATA CORPORATION,
>Defendants
>
>/s/ Cody Brookhouser-Sisney
>Cody Brookhouser-Sisney (NE Bar #25872)
>A. Stevenson Bogue (NE Bar #15509)
>McGrath North Mullin & Kratz, PC LLO
>First National Tower, Suite 3700
>1601 Dodge Street
>Omaha, NE 68102
>Phone: 402-341-3070
>Fax: 402-341-0216
>cbrookhouser@mcgrathnorth.com
>sbogue@mcgrathnorth.com
>
>ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

The undersigned hereby certified that on the 28th day of June, 2018, the above and foregoing **Defendants' Answer to Plaintiff's Complaint** was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Thomas P. McCarty
KEATING, O'GARA, NEDVED & PETER, P.C., L.L.O.
530 South 13th Street, Suite 100
Lincoln, NE 68508


                                                  /s/ Cody Brookhouser-Sisney
                                                  Cody Brookhouser-Sisney