# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERESA KINSELLA,<br><br>          Plaintiff,<br><br>vs.<br><br>FIRST DATA RESOURCES, LLC, and FIRST DATA CORPORATION,<br><br>          Defendants. | CASE NO.: 8:18-CV-00285<br><br>**STIPULATED PROTECTIVE ORDER** |

This matter is before the Court on the parties' Joint Motion for Protective Order. ([Filing No. 17](#).) The motion is granted.

Accordingly,

1. Information (whether in the form of documents, interrogatory responses, deposition testimony, or other form) produced or exchanged by any of the parties to this action, or any of their attorneys, concerning employment and/or personnel records, medical/health information and/or records, criminal records and/or information, educational records not otherwise public, wage information and non-public, proprietary business records, documents and financial data, and trade secret information shall not be disclosed except as provided in this Order. The above information shall hereafter be referred to as "Confidential Information" in this Order, and shall be designated as such pursuant to paragraph 3, below. Counsel for the party designating any information as confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order. Defendants shall not designate as "Confidential" any of Plaintiff's own personnel records or medical/health information to restrict Plaintiff's usage of such documents herein, but Defendants shall itself treat such information as "Confidential" under this Order.

2. All Confidential Information produced or obtained from any other party in the course of this action, through discovery or otherwise, shall be used by the party to whom such information is produced solely for the purpose of this litigation and for no other purpose and the Confidential Information shall not otherwise be disclosed to any other persons than those designated in Paragraph 4, below. Confidential Information may be used in a manner consistent with the terms of this Order and subject only to the limitations stated in this Order, in pretrial discovery and at the trial or preparation for trial and any appeals of this action.

3. Documents or information produced or provided by the parties during the course of discovery may be designated as "Confidential Information" as long as the party seeking confidentiality has a good faith belief that such document or information is entitled to confidentiality under the terms of this Order. To designate information as "Confidential," the producing party shall place a legend or stamp upon the document that places the recipient on reasonable notice that it contains "Confidential" information. Inadvertent failure to designate as "Confidential" shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by written notification to the recipient promptly upon discovery of the failure to designate. Any use of such documents prior to actual notice of designation as "Confidential" shall not constitute a violation of this Order. The parties will follow the Court's administrative procedures for electronically filing documents subject to this Protective Order.

4. Neither the Confidential Information nor its contents shall be disclosed to any person, without the agreement of the party designating the information as confidential, PROVIDED that counsel may, without further agreement or Court order, disclose Confidential Information or its contents to the following persons for use solely in connection with this action:

a. The named parties to this action, all of whom have agreed to be bound and are bound by the terms of this Order;

b. Plaintiff's spouse;

c. Attorneys and legal assistants of counsel's firm and to any other employees of counsel's firm who shall handle the Confidential Information under normal office procedure;

d. Experts or consultants retained by the parties in this action, and non-retained experts (i.e., treating medical providers);

e. Any person who is an officer, director or employee of any reproduction or litigation document handling service whom counsel specifically authorizes to work on this case;

f. Any person from whom testimony is being taken, has been taken or is reasonably expected to be taken in this action (whether in deposition or at trial), at a reasonable time before such testimony or during such testimony;

g. The Court and its personnel before which this action is pending and any members of a jury; and

h. Any court reporters and/or videographers present in their official capacity at any hearing, deposition or other proceeding in this action.

5. Except for the persons referenced in subparagraphs 4(g) and (h) above, counsel shall: (a) instruct all persons identified in Paragraph 4 above to maintain the confidentiality of information protected by this Order; and (b) furnish all such persons a copy of this Order. Plaintiff and Defendants are specifically forbidden from disclosing the opposing party's Confidential Information to any family member (except for Plaintiff's spouse) or any attorney with whom either

Plaintiff or Defendants consult, whose law firm has not entered a notice of appearance in this case. Each person referred to in subparagraph 4(d), who has been shown or given access to Confidential Information, or information derived therefrom, shall sign an acknowledgment stating that he or she has read a copy of this Order and agrees to be bound by its provisions, which acknowledgment shall be retained by counsel for the receiving party who provides such material or information to such person. A copy of the acknowledgment will be delivered to the opposing counsel, upon request, after the parties have designated experts. Acknowledgments executed by non-testifying expert witnesses shall not be subject to the preceding disclosure requirement.

6. In the event Confidential Information is used in depositions, the reporter shall be instructed either by a statement on the record by counsel at the time of the deposition, or by written notice to all counsel within thirty (30) days after the receipt of the transcript that the portions of the depositions relating to the Confidential Information, as well as any "Confidential" documents used as exhibits, shall be maintained under separate cover, with each page thereof clearly marked as "Confidential" or words to that effect.

7. The parties will seek the permission of the Court before filing any documents under seal by filing a motion with the court and being granted leave to file the information under seal. Upon such leave, the parties shall follow the administrative procedures of the Court for filing any documents under seal. All materials designated as Confidential Information that are filed with the Court, and any pleading, motion or other papers filed with the Court containing or disclosing such information, shall be filed and kept under seal until further order of the Court; provided, however, that such information shall be available to the Court and other persons to whom Confidential Information may be disclosed in accordance with paragraph 4 of this Protective Order.

8. Except for this action, the parties agree that if a party is required by law or order of governmental or judicial body to release Confidential Information produced by another party or third party as to which it obtained access pursuant to the Protective Order, the party so required shall notify the producing party or third party in writing within three (3) working days or receipt of actual notice or within three (3) working days of the determination that the Confidential Information is to be released or within three (3) working days prior to such release, whichever is soonest, to permit the producing party or third party to contest the release.

9. This Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information. For the purposes of this paragraph, Plaintiff's "own Confidential Information" shall include Plaintiff's personnel records and medical/health information in the possession of Defendant.

10. Producing or receiving materials or otherwise complying with the terms of this Order shall not (a) operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information or a trade secret under applicable law; or (b) prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or (c) prejudice in any way the rights of a party to seek a Court determination regarding whether particular discovery materials should be produced; or (d) prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of information as that party may consider appropriate.

11. At the conclusion of this case, all Confidential Information and copies thereof in the possession, custody, or control of any party or its attorneys shall be maintained in the possession, custody, or control of counsel for the party and shall be withheld from all other persons

following the conclusion of this case. Counsel for the parties agree that said Confidential Information will be maintained in the regular course of business and in accordance with Counsel's document retention policies and/or practices. At the request of the producing party, the recipient shall destroy all such materials and certify in writing that the materials have been destroyed.

12. Any party may at any time and for any reason seek modification of this Protective Order. In the event either party disputes the appropriateness of the other's designation of documents or information as confidential pursuant to this Order, then the party shall first attempt to resolve the issue with opposing counsel and then, if unsuccessful, may apply to the Court for an order declaring specific documents or information to be removed from the Protective Order and no longer treated as confidential. This Protective Order can be modified only by written agreement approved by the Court or by Order of the Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

DATED this 7th day of November, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge